I would affirm the judgment of the trial court because I firmly believe that the service of process in this case was sufficient to give that court jurisdiction over the defendant foreign corporation and that that court's exercise of its discretion to refuse to set aside the default judgment should not be overturned.
It seems apparent to me that the defendant Horizons 2000, Inc., a corporation organized under the laws of the State of Delaware and composed of a group of approximately 150 European investors, had sufficient contacts with the State of Alabama to give an Alabama court personal jurisdiction of it. Further, in view of the particular status of the person who was served with process in this case, I believe that the service was sufficient.
The facts leading me to this conclusion are as follows: Horizon leased land from the plaintiffs for the growing of pecans. Gus Tompkins was retained by Horizons to perform various odd jobs, such as maintaining the groves and spraying the leased property. At some point, Horizons began faxing work requests to Tompkins from England. For his services, Tompkins was paid by the job, with a negotiated fixed fee per job. Tompkins provided fuel necessary on these jobs, but he had the use of equipment belonging to Horizons. This equipment was stored at his home. Tompkins also received the property tax assessments on the property, which he presumably forwarded to Horizons in England. Tompkins was also authorized to sign checks for Horizons. Based on these facts, the trial court concluded, as do I, that Tompkins was more than just a farmhand and that he significantly acted for and on behalf of the corporation, as the corporation's agent, and that the corporation did sufficient acts to indicate its reserved right of control.[2]
According to the plaintiffs, Tompkins took the complaint to the attorney for the plaintiffs and requested that the plaintiffs' attorney send a facsimile of the complaint to Horizons in England. Even though Horizons did not learn of the lawsuit until after a default judgment had been entered against it, and although it is not clear how the facsimile request was handled, it is undisputed that except for the alleged service on Horizons through Tompkins in October 1991, Horizons did not otherwise *Page 609 
have actual or constructive notice of the lawsuit until December 1991. However, there is no suggestion made that the attorney for the plaintiffs agreed to send the pleadings to Horizons, or that the attorney made to Tompkins any misrepresentations that he relied upon to the detriment of Horizons.
The majority holds that the service of process was insufficient to give Horizons notice, because Horizons did not exercise such a "high degree of control" as to make Tompkins an agent of Horizons for service of process. I believe that the plaintiffs proved to the satisfaction of the trial judge that Horizons exercised such control and dominion over Tompkins that the court could find that he was an agent of Horizons upon whom service of process could be made.
Based on the foregoing, I must disagree with the result reached by the majority. I believe in vesting in the trial judge a broad discretion to determine whether the processes emanating out of the court are being evaded or ignored. The trial judge has passed judgment on this issue and I would affirm his judgment. Consequently, I must respectfully dissent.
[2] Horizons argues that Tompkins was an independent contractor. I believe that there is a substantial question presented on the issue whether Tompkins was an "agent" or an "independent contractor." If Tompkins, for example, had allegedly caused injury to someone in connection with his duties, I believe that it would be a jury question whether Tompkins was an agent of Horizons. See, Solmica of the Gulf Coast, Inc. v. Braggs,285 Ala. 396, 232 So.2d 638 (1970).